UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LE NHU LE** | : | **CIVIL ACTION NO. 2:13-cv-3240** |
| FED. REG. NO. 36011-086 | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **M.D. CAVAJAL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Le Nhu Le (hereinafter "Le").[1] At the time of filing, Le was incarcerated at the Federal Detention Center in Oakdale, Louisiana (hereinafter "FCIO"). However, he complains about events that occurred while he was housed at the United States Penitentiary in Pollock, Louisiana (hereinafter "Pollock"). Le has been released from confinement. Doc. 5.

Le names Pollock's Warden, M.D. Carvajal, as defendant.[2]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

---

[1] This matter arises under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens*, the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

[2] To the extent that Le attempts to purse a claim against the Bureau of Prisons, the United States Supreme Court has held that "absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). An inmate may "not bring an action against the United States, the BOP, or BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity." *Gibson v. Federal Bureau of Prisons*, 121 Fed. Appx. 549, 551 (5th Cir. 2004).

## I.
### BACKGROUND

Le contends that he was subjected to an unconstitutional strip search.  Specifically, he states that while returning from the recreation yard to the Special Housing Unit at Pollock, he was placed in "the cage" and was required to submit to a strip search.  Doc. 1, p. 3.  Le claims that he was told that if he refused to be searched, he would not be allowed to go to the recreation yard.  *Id.*  He complains that the location of the search allowed other inmates to see him naked which violated his constitutional rights.  *Id.*  It appears that the search was visual.  Doc. 1, p. 3.

As a result of the above, plaintiff seeks monetary damages.  Doc. 1, p. 3.

## II.
### LAW AND ANALYSIS

*A.  Screening*

Le has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998), (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

-3-

### B. *Supervisory Liability*

Le has not stated a sustainable claim against his sole defendant, Warden Carvajal. It is clear that this party is named in his supervisory capacity. Insofar as the plaintiff names a defendant in a supervisory capacity, it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of respondeat superior. See *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation. *Id*. Le has not alleged personal involvement on the part of this defendant nor that he implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights.

Le has failed to state a claim against this defendant and his suit should be dismissed.

### C. *Strip Search*

It appears that Le alleges that the search, itself, violated his Fourth Amendment rights. Doc. 1, p. 3. In this regard, the court finds the analysis in *Elliott v. Lynn* 38 F.3d 188 (5th Cir. 1994) applicable to the present case. In *Elliot,* the plaintiff/prisoner, who was subjected to a visual body cavity search in the presence of other inmates, guards, and non-searching officers, brought a § 1983 claim alleging that the search violated his Fourth Amendment rights. *Id.* at 189. Although the plaintiff conceded that the scope and justification for the search were reasonable, he nevertheless argued that the manner and place of the search were unreasonable. The Fifth Circuit, in affirming the District Court's dismissal of plaintiff's claims, found that the search did not violate his Fourth Amendment right to be free from unreasonable search and seizure, nor did it deprive him of a state created liberty interest without due process of law (Fourteenth Amendment claim). In regard to searches, the court stated:

> A prisoner's rights are diminished by the needs and exigencies of the institution in which he is incarcerated. He thus loses those rights that are necessarily sacrificed to legitimate penological needs. *United States v. Lilly,* 576 F.2d 1240, 1244 (5th Cir. 1978). The Fourth Amendment, however, requires that 'searches or seizures conducted on prisoners must be reasonable under all the facts and circumstances in which they are performed. Because a prison administrator's decisions and actions in the prison context are entitled to great deference from the courts, the burden of proving reasonableness is a light burden.' *Lilly*, at 1244, 1245. The test for reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Bell v. Wolfish,* 441 U.S. 520, 558 (1979). We have interpreted this statement of reasonableness as striking a balance 'in favor of deference to prison authorities' views of institutional safety requirements against the admittedly legitimate claims of inmates not to be searched in a humiliating and degrading manner.' *Watt v. City of Richardson Police Dep't.,* 849 F.2d 195, 196 (5th Cir. 1988). We are required, as a matter of both common sense and law, to accord prison administrators great deference and flexibility in carrying out their responsibilities to the public and to the inmates under their control, including deference to the authorities determination of the 'reasonableness of the scope, the manner, the place and the justification of a particular policy.' *Hay v. Waldron,* 834 F. 2d 481, 486 (5th Cir. 1987). Furthermore, we have found that when evaluating the security policies adopted by the prison administrators, the court is not required to apply a 'least restrictive means' test. *Hay*, 834 F.2d at 485.

*Elliott,* 38 F.3d at 189-91.

As can be seen from the above, there is no question that the court must give deference to the decisions made by prison authorities in matters concerning security issues within the prison. Pollock's policy of searching inmates upon their return to the prison from the recreation yard is exactly the type of issue that *Elliott* and the cases cited therein were meant to address. It is evident that the policy is in place to thwart any attempts to bring contraband into the prison by inmates that have been in the yard, thus increasing the opportunity to acquire (and conceal) prohibited and potentially dangerous items. The need to protect prison staff and inmates from such occurrences is without a doubt a legitimate penological need. Further, that the location of the search was not

as private as Le would have liked does not rise to the level of a constitutional violation. As stated in *Lilly*, the burden of proving reasonableness is light, and the facts of the present case certainly do not warrant a deviation from this standard.

### III.
### CONCLUSION

For reasons stated,

**IT IS RECOMMENDED** that Le's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 3rd day of June, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE